## INHABITANTS OF HARRISON *vs.* PORTLAND.
## SAME *vs.* LEWISTON.

### Cumberland. Opinion March 19, 1894.

*Pauper, non compos mentis. R. S., c. 24, § 1, cl. II.*

By R. S., c. 24, § 1, cl. II, legitimate children have the settlement of their father if he has any in the state; if he has not, they have the settlement of their mother within it; but they do not have the settlement of either, acquired after they are of age and have capacity to acquire one.

A daughter, *non compos mentis*, not residing with her father, nor supported by him, does not follow a new settlement acquired by him after she becomes of age.

*Held*, upon the facts in this case, that the daughter when she became of age acquired a settlement through her father in Portland; and that never having resided in any other place for a sufficient length of time to acquire a settlement elsewhere, her settlement remains in Portland, although her father has since acquired a settlement in Lewiston.

ON REPORT.

These were actions of assumpsit to recover supplies, furnished by the plaintiff town to Emma E. Smith, and was tried in the Superior Court, for the County of Cumberland. After the testimony was taken out, the two cases were reported together to this court for decision upon such portions of the evidence as were admissible.

The parties agreed that the pauper had a derivative settlement through her father in Portland, when she became of age; and that she never acquired in her own right a settlement by subsequent residence in any one town for five consecutive years; so that she had only a derivative settlement from her father, whatever that might be.

The facts appear in the opinion.

*A. H. Walker*, for plaintiff.

*F. A. Morey*, city solicitor, for Lewiston.

*Seth L. Larrabee*, city solicitor, for Portland.

If the pauper was not of sound mind or was insane from the time she attained her majority to and at the time in question, her settlement would follow that of her father wherever that

might be. *Strong* v. *Farmington*, 74 Maine, 46; *Islesborough* v. *Lincolnville*, 76 Maine, 572; *Winterport* v. *Newburgh*, 78 Maine, 136; *Upton* v. *Northbridge*, 15 Mass. 237; *Taunton* v. *Middleborough*, 12 Met. 37. She was insane before she became of age. Her mind was enfeebled and weakened by each of seven succeeding attacks of violent mania. Her condition has not improved from the time of her first commitment to the hospital. She has grown gradually and constantly more and more unsound in mind. She has been under the constant care and supervision of her father. Her father has acquired and has a legal settlement in Lewiston. Her settlement follows that of her father and is in Lewiston. She has no legal settlement in Portland.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WALTON, J. Two pauper suits included in one report. The question is whether the settlement of Emma E. Smith, an insane pauper, is in Portland or Lewiston.

We think it is in Portland. Her father's settlement was there when she arrived of age, and the evidence fails to show that she has since acquired one elsewhere. It is true that her father has since acquired a settlement in Lewiston. And it is true that a *non compos mentis* daughter, who continues to reside with her father, and to be supported by him, will follow his settlement, notwithstanding she is more than twenty-one years of age. But Emma has not continued to reside with her father since she arrived of age, nor has she been supported by him. Her mother died before she arrived of age, and her father married again; and Emma, with her father's consent, went to live with her brother in Massachusetts. Her brother kept a store in Natick, and was postmaster; and Emma assisted him some in the store, and acted as delivery clerk in the post-office, and assisted his wife some in the house. She was there when she arrived of age. And never since that time has her father's home been her home. At one time, she and a younger brother established a home for themselves, and her father left his wife

and went and staid with them a short time. But the evidence fails to show that his home has ever been her home since she arrived of age. Nor has he contributed anything toward her support. She at one time borrowed five dollars of him, but she afterwards paid him. She has been subject to attacks of insanity, and has been sent seven times to the Insane Hospital at Augusta. But there is no proof that her father ever contributed a dollar towards her support, either there or elsewhere. These attacks of insanity have not lasted for a very great length of time ; and for at least nine of the twelve years following the time when she became of age, she has been a bright, active, and capable woman, and has supported herself by her own labor. During her lucid intervals no one has exercised any control over her. She has selected her own employments and established her own homes. And never having resided in any one place for a sufficient length of time to acquire a settlement there, we think it is plain that her settlement continues to be in Portland, where her father's settlement was when she arrived of age. R. S., c. 24, § 1, cl. II; *Corinth* v. *Bradley*, 51 Maine, 540.

<div style="text-align:center">

*In Harrison* v. *Portland,*      *Judgment for plaintiff.*
*In Harrison* v. *Lewiston,*      *Judgment for defendant.*